UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Trevor Cook,

    Plaintiff,

v.

United States Securities
and Exchange Commission,

    Defendant.

MEMORANDUM OPINION
AND ORDER
09-mc-80 (MJD/JJK)

_____

    John D. Thompson, Oberman Thompson & Segal, LLC, Counsel for Plaintiff.

    Melinda Hardy, Assistant General Counsel, Kristin S. Mackert, Special Trial Counsel, Laura E. Walker, Senior Counsel and John E. Birkenheier, Regional Trial Counsel and Robyn A. Millenacker, Assistant United States Attorney, Counsel for the Securities and Exchange Commission.

_____

    This matter is before the Court upon Plaintiff Trevor Cook's ("Cook") motion to stay the Securities and Exchange Commission's ("SEC") non public investigation styled as <u>In re the Matter of Universal Brokerage FX, Inc.</u>, C-07471 (SEC Ex. A) pending the resolution of any criminal investigation against Cook.

1

**Factual Background**

In May 2009, the SEC commenced an investigation to determine possible securities violations committed by Universal Brokerage FX, Inc. ("UBFX"), Oxford Global Partners, LLC ("Oxford Global") and Oxford Private Client Group, LLC ("Oxford PCG") and their officers, directors, and employees. Cook is a part owner of Oxford Global. Cook asserts in his motion that he believes he is the subject of the SEC investigation, as well as the focus or target of the grand jury investigation. To date, the SEC has not commenced an action against Oxford Global or Cook, nor has Cook been indicted.

As part of the SEC investigation, the SEC has issued a subpoena to Cook for his sworn testimony. The SEC has also issued subpoenas to Patrick Kiley, Julia Smith and Ryan Moeller. Cook asserts that it is apparent that the SEC is sharing information with the U.S. Attorney's Office. Along with the subpoenas, the SEC sends a Form 1662, which indicates that the SEC may share information with the U.S. Attorney's Office. The SEC has declined to specifically state whether it is sharing information.

**Motion to Stay**

    **1. Subject Matter Jurisdiction**

In commencing this matter, Cook has only filed a motion - no complaint has been filed through which Cook has set forth a jurisdictional basis for the requested relief. The Federal Rules of Civil Procedure restrict original jurisdiction in a district court to a single form of action that is commenced by filing a complaint. See Rules 2, 3, 8 and 10. Rule 3 provides that a civil action is commenced only by filing a complaint with the court.

    Summary procedures are allowed where they are ancillary to a pending judicial proceeding or involve a dispute involving property already within the court's control or custody. Application of Howard to Quash Summons, 325 F.2d 917 (3rd Cir. 1963); SEC v. Ross, 504 F.3d 1130, 1146-47 (9th Cir. 2007) (equitable powers of a receiver appointed by the SEC did not permit receiver to use summary proceedings to seek disgorgement of commissions where proceeds not located within the district and no independent basis for personal jurisdiction exists). Such is not the case here, however. The SEC has not yet commenced an

action against Cook or others connected to Cook.[1]

Nonetheless, Cook asserts that this Court has the authority to grant his motion for a stay under its general authority to issue stays and other relief when necessary to ensure the fairness of proceedings pending before it. In support, Cook cites to <u>Landis v. North Am. Co.</u>, 299 U.S. 248, 255 (1936). <u>Landis</u> has no application here, however.

At issue in <u>Landis</u> was whether a court has the power to stay proceedings in one suit pending the decision in another suit, and upon the propriety of using such power in a given situation. <u>Landis</u> is thus distinguishable from this case because it involved actual pending civil suits, whereas no civil suit has been initiated by the SEC. In fact, in the majority of the cases cited by Cook in support of his motion, there was a pending proceeding before the Court. <u>See, e.g.</u>, <u>Lunde v. Helms</u>, 898 F.2d 1343, 1345 (8th Cir. 1990) (affirming district court order staying federal case pending the resolution of state administrative and judicial review proceedings); <u>Allstate Ins. Co. v. Alivio Chiropractic Clinic, Inc.</u>, No. 06-3241, 2007 WL 152105, at * 1 (D. Minn. 2007) (staying federal case pending

---

[1]Cook asserts that this motion is ancillary to the action brought by a number of investors who claim they were defrauded by Cook and others. The SEC investigation, however, is separate and apart from the investor action.

4

criminal proceedings).  Cook is not asking the Court to stay a pending case, however.  He is asking that the Court stay an SEC investigation.

Cook nonetheless argues the court can, in its discretion, stay civil proceedings when the interests of justice so require, citing <u>SEC v. Dresser Indust., Inc.</u>, 628 F. 2d 1368 (D.C. Cir. 1980) and <u>Ayers v. SEC</u>, 482 F. Supp. 747, 751-53 (D. Mont. 1980).

In <u>Dresser</u>, the proceeding before the court was a subpoena enforcement proceeding.  628 F.2d at 1370.  The opinion did not address the propriety of a motion to stay an SEC investigation, rather the question before the court was whether Dresser was entitled to special protection against an SEC subpoena because of a parallel investigation into the same questionable conduct by a federal grand jury in another district.  <u>Id.</u>  In addressing the procedural history, the court noted that Dresser had sought to enjoin the SEC investigation and the grand jury investigation in the Southern District of Texas, but that suit was dismissed without reaching the merits.  <u>Id</u> at 1373.  Thus, <u>Dresser</u> lends no jurisdictional support for Cook's motion.

In <u>Ayers v. SEC</u>, the court was asked to stay an SEC investigation pending discovery by plaintiffs into the motives behind the SEC investigation.  482 F.

5

Supp. 747, 748 (D. Mont. 1980). The SEC had argued that the court did not have jurisdiction to enjoin an agency investigation or to inquire into agency motivation behind its investigation except in a subpoena enforcement proceeding. Id. The court disagreed, finding that where the claimant alleges that an agency is acting outside its statutory authority, the court has jurisdiction to review the agency action under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701(a)(2). Id. at 752. In Ayers, the plaintiffs had alleged that the SEC was conducting its investigation out of vindictiveness arising from the disposition of a separate matter, rather than because of the requirements of the particular case alone, as required by the applicable regulations. Id. Accordingly, the court held that it could inquire into whether the SEC ignored the regulatory mandates. Id. No such allegations have been asserted by Cook, however.

Typically, the APA is invoked when a party seeks non-monetary relief against the United States and claims that "an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority." 5 U.S.C. § 702. However, the APA does not permit judicial review of an agency's action that is specifically committed to its discretion by law. 5 U.S.C. § 701(a)(2); Dew v. United States, 192 F.3d 366, 371 (2nd Cir. 1999) cert. denied,

6

529 U.S. 1053 (2000). In this case, the decision to commence an investigation is committed to the SEC's discretion. 15 U.S.C. § 78u(a)(1) ("The Commission may, in its discretion, make such investigations as it deems necessary to determine whether any person has violated . . . any provision of this chapter."). See also Greer v. Chao, 492 F.3d 962, 965 (8th Cir. 2007) (finding that the investigation itself, like the final decision whether or not to take enforcement action, is within the enforcement arena and is therefore committed to the discretion of the agency).

This case does not involve a claim that the SEC "acted or failed to act." Rather, Cook asserts only that the SEC investigation and the grand jury investigation are so interrelated that he cannot protect himself at the civil proceeding by invoking the Fifth Amendment and that the two matters will so overlap that an effective defense is impossible. Thus, the Ayers decision, which was based on the claim that the SEC acted with improper motives, is not applicable here.

A subpoena enforcement action is the exclusive method by which the validity of the investigation may be challenged. Sprecher v. Graber, 716 F.2d 968 (2nd Cir. 1983); Sprecher v. Von Stein, 772 F.2d 16, 18 (2nd Cir. 1985). By this

motion, Cook goes far beyond challenging the SEC's subpoena that demands his sworn testimony. He seeks to halt the entire investigation, which more than likely includes subject matter unrelated to Cook or his interests. As Cook has not provided the Court any authority for the extraordinary relief requested, the motion must be denied.

IT IS HEREBY ORDERED that Plaintiff Trevor Cook's Motion to Stay the SEC Investigation [Doc. No. 1] is DENIED for lack of subject matter jurisdiction.

Date: October 22, 2009

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court
